```
 1                    UNITED STATES BANKRUPTCY COURT
                       EASTERN DISTRICT OF NEW YORK
 2

 3   ---------------------------------X
                                      :
 4   In re:                           :    11-44051
                                      :
 5      NEW YORK DOUBLE, INC.         :    271 Cadman Plaza East
                                      :    Brooklyn, New York
 6                  Debtor.           :
     ---------------------------------X    July 13, 2011
 7
           TRANSCRIPT OF (7) ORDER SCHEDULING STATUS CONFERENCE
 8        FOR THE PURPOSE OF DETERMINING AN APPROPRIATE SCHEDULE
                   BEFORE THE HONORABLE CARLA E. CRAIG
 9                 UNITED STATES CHIEF BANKRUPTCY JUDGE

10
     APPEARANCES:
11
     For the Debtor:           J. TED DONOVAN, ESQ.
12                             Goldberg, Weprin, Finkel,
                                Goldstein, LLP
13                             1501 Broadway
                               New York, NY 10036
14

15   For the US Trustee:       WILLIAM CURTIN, ESQ.
                               United States Department of Justice
16                             271 Cadman Plaza East, Suite 4529
                               Brooklyn, NY 11201
17

18

19   Court Transcriber:        MARY GRECO
                               TypeWrite Word Processing Service
20                             211 N. Milton Road
                               Saratoga Springs, New York  12866
21

22

23

24

25


     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
```

```
                                                                    2
 1              THE COURT:  Okay.  You want to give me the papers on
 2   that?
 3              MR. DONOVAN:  Since the filing in New York Double --
 4              THE COURT:  Let me just get this --
 5              MR. DONOVAN:  -- we were able to --
 6              THE COURT:  Let me just get this online.  Excuse me
 7   one minute.
 8              THE CLERK:  This is New York Double, number 12 on the
 9   calendar.
10              THE COURT:  Thank you.  Okay.  So this case was
11   commenced in May, on May 13th.
12              MR. DONOVAN:  Your Honor, since New York Double was
13   filed, New York Community Bank sold its lien.  We have been in
14   discussions with the people that they sold the lien to.
15              THE COURT:  Was it the same people that bought the
16   lien in Martense?
17              MR. CURTIN:  Yes, I think it is.  It's either the
18   same people or it's the same --
19              MR. DONOVAN:  It's a different company, Your Honor.
20   I don't know who owns it.  But in any event, my expectation is
21   that we will either --
22              THE COURT:  Is it a different company with the same
23   owner?
24              MR. DONOVAN:  Mr. Nelkenbaum is saying he doesn't
25   know.
```

1        THE COURT:  Okay.
2        MR. DONOVAN:  And I don't have any information about
3  it, Your Honor.  I would suggest -- we were talking about
4  either -- because we have been talking with them about a deal.
5  We'll either be moving to dismiss this case or filing a plan
6  immediately so we can use the same schedule.
7        THE COURT:  Okay.  That's fine.  Is there any other
8  issues on this case, Mr. Curtin, that we should talk about?
9        MR. CURTIN:  No, Your Honor.  My notes from the 341
10 indicate if it's not the same company, it's the same group of
11 individuals that purchased that note.  We have insurance, we
12 have everything else.  But again, the testimony was that
13 they're either going to be moving to dismiss or filing a quick
14 claim.
15       THE COURT:  So this is another building on West 22nd
16 Street in Manhattan; right?
17       MR. DONOVAN:  Yes.
18       MR. CURTIN:  I believe so, Your Honor.
19       THE COURT:  And you have also the same individuals
20 who have claims.  It's Charles Niece [Ph.] and Alis [Ph.]
21 Neeman [Ph.] and another individual.
22       MR. CURTIN:  There are I believe multiple spreaders,
23 Your Honor, just commonality between all four debtors.
24       MR. DONOVAN:  Yes, Your Honor.  So is there a second
25 mortgage on this property too that's another lien on this

4

```
 1  property?
 2              MR. DONOVAN:  I don't believe so, Your Honor.
 3              THE COURT:  Because not like -- what was the name of
 4  -- who is the person who has a lien, a second lien on the New
 5  York --
 6              MR. DONOVAN:  That was ND Pauler [Ph.], PC, Your
 7  Honor.
 8              THE COURT:  But he's not on this property?
 9              MR. DONOVAN:  No, not a creditor in this case.
10              THE COURT:  These other individuals were listed as
11  unsecured claims like Charles Niece, $6.9 million.  That's not
12  secured?  Are these --
13              MR. DONOVAN:  Your Honor, that might be a judgment.
14              THE COURT:  A judgment against...?
15              MR. DONOVAN:  The debtor.
16              THE COURT:  The debtor.  Is it a lien?
17              MR. DONOVAN:  Your Honor, I don't know.  Sitting
18  here, I know the schedule says it's an unsecured debt.
19              THE COURT:  So it's unclear -- what's the basis for
20  the $6.9 million claim?  You have a property that's worth $5
21  million and 4.6 --
22              MR. CURTIN:  Your Honor, I think Mr. Niece is a
23  business partner of Mr. Nelkenbaum.
24              THE COURT:  Okay.  So --
25              MR. CURTIN:  Or some type of business partner in all
```

5

1  the properties that are in bankruptcy of Mr. Nelkenbaum as well
2  as many others, however many others that there are.
3           THE COURT:  Is it the same --
4           MR. CURTIN:  Mr. Niece appears I think in all the
5  cases.
6           THE COURT:  In the same amount?
7           MR. DONOVAN:  It's not in the same amount.  He has
8  claims that are spread among a bunch of different properties
9  and they've been allocated to the different properties.
10          THE COURT:  What kind of claims are these?  What's
11 the origin of these claims?  I'm trying to get a picture of
12 what the debt structure in this property and what, you know,
13 what the background here, the financial background here is.
14          MR. DONOVAN:  Your Honor, it might be best if Mr.
15 Nelkenbaum just answered the question directly.
16          THE COURT:  That's fine if he can.
17          MR. NELKENBAUM:  We had given the money at different
18 stages and the property was a guarantee on the money.
19          THE COURT:  The property was a guarantee on the
20 money?
21          MR. NELKENBAUM:  Right.
22          THE COURT:  So does that mean you gave him a mortgage
23 on the property or a lien on the property?
24          MR. NELKENBAUM:  It was a confession of judgment.
25          THE COURT:  I see.  Confession of judgment in favor

                                                                    6
1  of --
2              MR. NELKENBAUM:  Tom Niece.
3              THE COURT:  A judgment against New York Double?
4              MR. NELKENBAUM:  Yeah.
5              THE COURT:  And was the judgment filed, judgment
6  entered?
7              MR. NELKENBAUM:  I think so.
8              THE COURT:  You think it was?  So that means that --
9  and there were confessions of judgment in each of these cases
10 against each of these entities?
11             MR. DONOVAN:  Yes.
12             THE COURT:  Have they been filed against each of
13 these entities?
14             MR. DONOVAN:  I don't know, I have to check.
15             THE COURT:  All right.  Well that makes a difference;
16 doesn't it --
17             MR. DONOVAN:  Yes, absolutely.
18             THE COURT:  -- in terms of how you might think about
19 formulating a plan.
20             MR. DONOVAN:  Absolutely.
21             THE COURT:  What's your strategy about how you're
22 going to deal with these claimants including those potential
23 judgment creditor --
24             MR. DONOVAN:  Your Honor, we've been dealing with Mr.
25 Niece for many years.  We're going to sit down and work out a

1  deal.
2          THE COURT:  All right.  Okay.  You can file your plan
3  in this case by August, plan and disclosure statement by August
4  12th and you can bring on a motion for approval of the
5  disclosure statement by September 14.  Any other issues in this
6  case that need to be discussed?
7          MR. DONOVAN:  Not from the debtor, Your Honor.
8          MR. CURTIN:  No, Your Honor.
9          THE COURT:  Okay.  Anything else?  Okay.
10         MR. DONOVAN:  Thank you.
11         THE COURT:  Thanks.
12                          * * * * * *

8

1  I certify that the foregoing is a court transcript from an
2  electronic sound recording of the proceedings in the above-
3  entitled matter.
4
5                                          _____
6                                          Mary Greco
7  Dated:  August 4, 2011